J. L. BARNHART, T. S. Bourke, Fred F. Johnson, Nathalie S. Nafziger, and A. F. Seested, Plaintiffs-Appellants,

v.

KANSAS CITY, Missouri, a Municipal Corporation, and Board of Zoning Adjustment of Kansas City, Missouri, et al., Defendants-Respondents,

and

Rockhill Tennis Club, Intervenor-Respondent.

No. 22647.

Kansas City Court of Appeals.

Missouri.

June 3, 1957.

Chester B. Kaplan, Bernard L. Cohen, Kansas City, for appellant.

Benjamin M. Powers, City Counselor, Guy W. Rice, Kansas City, for defendants-respondents.

Philip J. Close, J. R. Clagett, Kansas City, for intervenor-respondent.

BROADDUS, Presiding Judge.

This is an appeal from the judgment of the Circuit Court of Jackson County, affirming the decision of the Board of Zoning Adjustment of Kansas City, and arises out of the following facts.

On December 20, 1955, The Rockhill Tennis Club filed its application with the Board wherein it requested the latter's approval of the conversion of what is commonly known as the Devere Dierks or Kirkwood mansion located in the square block from 45th to 46th Streets and from Kenwood to Rockhill Road in Kansas City, Missouri, to a Country Club house, not in connection with a golf course, as provided by Section 58–4–B(3) of the Revised Ordinances of Kansas City. The application further stated that, if approval was given, "The Club plans to construct eight tennis courts to the north of the proposed club house, a swimming pool to the west, and a parking lot to the south, and the Club will have a maximum membership of 350."

The pertinent part of the applicable ordinance (Sec. 58–4–B(3), under which the challenged permit was granted authorizes the use of property in an R–1 District as follows:

"(3) Country club houses not in connection with a golf course, when a building is converted to such use and is situated on property of at least 4 acres, surrounded on all sides by public streets so dedicated and used for not less than 10 years, or a combination of such streets and railway rights-of-way, may be approved by the Board of Zoning Adjustment, after due notice and public hearing and after receiving the recommendations of the City Plan Commission."

After due notice, and on January 10, 1956, a hearing was held before the Board of Zoning Adjustment on the application. All parties participated and were represented by counsel. Most of the testimony before the Board was directed at the de-

sirability of the granting of the permit. The overwhelming weight of the evidence was to the effect that the granting of the application would be very beneficial to the neighborhood. This testimony came from some of Kansas City's most highly respected citizens. As one of them stated: "The granting of this permit would be a definite improvement to the area and is the thing that the City ought to encourage and approve."

At the conclusion of the hearing the Board approved the application. Then on January 30, 1956, appellants filed in the circuit court their petition for certiorari to review the Order of the Board. The writ issued, and the members of the Board filed their return. This action was numbered 119,398 in the Circuit Court.

As is to be seen in the style of this case the Rockhill Tennis Club is designated as "Intervenor". That came about in this way. On December 10, 1955, the appellants Barnhart, et al., filed in the circuit court a declaratory judgment suit (No. 119,397) wherein they sought to have the zoning ordinance in question declared void. The defendants named in that suit were Kansas City, Missouri, and the Board of Zoning Adjustment. And, in that suit, the Tennis Club was permitted to intervene.

On June 25, 1956, the two cases, No. 119,397 and No. 119,398, having been consolidated, came on for trial in the Circuit Court. At the conclusion of the hearing, the court took the causes under advisement.

On July 25, 1956, the court found that appellants had failed to submit any evidence in support of their petition for a declaratory judgment, and dismissed the same with prejudice. And on the same date, as to case No. 119,398, the court found that the Order of the Board of Zoning Adjustment was based upon competent and substantial evidence and affirmed the same.

Appellants do not here challenge the correctness of the Court's action in dismissing the declaratory judgment suit. They do contend, however, that the court erred in affirming the Board's Order of January 10, 1956, in that said Order is not supported by competent and substantial evidence upon the whole record and is arbitrary, capricious and illegal.

The scope of review, by a court, of the decision of an administrative tribunal has been discussed in many decisions. A brief statement of the rule is found in Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S.W.2d 647, 649, where the court said:

"The provision in Section 22 that administrative decisions 'shall be subject to direct review by the courts as provided by law' refers to the method of review to be provided (certiorari, appeal, etc.) and not to the scope of the review 'in cases in which a hearing is required by law.' For the latter, this stated minimum standard ('supported by competent and substantial evidence upon the whole record') is mandatory and requires no legislation to put it into effect. This does not mean that the reviewing court may substitute its own judgment on the evidence for that of the administrative tribunal. But it does authorize it to decide whether such tribunal could have reasonably made its findings, and reached its result, upon consideration of all of the evidence before it; and to set aside decisions clearly contrary to the overwhelming weight of the evidence."

Thus the question for our decision is whether the Board could have reasonably made its findings, and reached its result, upon consideration of all the evidence before it, or whether its decision was clearly contrary to the overwhelming weight of the evidence.

Appellant's contention here is directed solely to the sufficiency of the evidence as to the *area* and *street requirements* of the ordinance. As is to be seen, the ordinance requires that the building sought to be converted to a club house must be "situated on property of *at least 4 acres, surrounded on all sides by public streets so dedicated and used for not less than 10 years, or a*

*combination of such streets and railway rights-of-way * * *."*

The testimony before the Board as to the area involved was as follows: Mr. McKeever Massey, who is the senior planner for the City Plan Commission, testified that, "The property * * * occupies an entire four acre block * * *." His exact calculation was 4.03 acres. Mr. W. F. Coen, Jr., testified: "It was computed in the office of the City Plan Commission to be in excess of four acres." No objection was made to the testimony of either witness. There was not a particle of evidence before the Board that the area did not contain four acres. And, in fact, no such issue was raised in appellant's petition for certiorari to review the Board's Order.

The testimony before the Board as to the streets surrounding the property in question was as follows: Mr. Coen testified that the tract is bounded on the east by Kenwood, on the north by 45th Street, on the south by 46th Street, and on the west by Rockhill Road. Mr. Knight, the assistant city counselor, acting as attorney for the Board at the hearing, then inquired if the right-of-way of the Kansas City Public Service Company lies between Rockhill Road and the tract in question. In response to that inquiry, Mr. J. R. Clagett, President of the Rockhill Tennis Club, testified that he had examined the records of the Park Department and had obtained information from the Public Service Company; that Rockhill Road is 100 feet wide and the street car tracks are in Rockhill Road; that technically the area is bounded on all four sides by streets and that the street car tracks are in the street. Mr. Coen then testified that the streets in question had all been public streets for ten years or more.

In view of the above we are compelled to agree with the conclusion reached by the circuit court that the order of the Board was based upon competent and substantial evidence. The judgment is affirmed. All concur.